*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## BRIGHT & CO. *v.* THE OAK DALE COAL & MINING CO.

The act of April 14, 1851, authorizing judgments to be taken in certain cases where no affidavit of defence is filed, in Schuylkill county, is not annulled or repealed by section 26 of article V. of the new Constitution.

Where it was intended by the Constitution to annul or abrogate any existing law, the intention is expressed in unambiguous language.

**Rule to show cause why judgment taken for want of an affidavit of defence should not be set aside, &c.**

Opinion delivered March 23, 1874, by

PERSHING, P. J.   A special act of assembly for the county of Schuylkill, approved April 14, 1851, authorizes the taking of judgment in certain cases where no affidavit of defence is filed.   By the 47th rule of court, judgments under said act may be taken on any motion day after twenty days from the return day of the writ.   Section 26, article v, of the constitution provides that "all laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction and powers of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process and judgments of said courts, shall be uniform," &c.

It is contended that the act of 14th of April, 1851, being a special law, applicable alone to Schuylkill county, is annulled or repealed by that clause of the recited section which requires all laws relating to courts to be general and of uniform operation ; that said act is inconsistent with the constitution, and therefore not kept in force by the second section of the schedule.   In this case, and another recently before us, this view has been pressed with great earnestness, and the power of the court to give judgment for want of an affidavit of defence, explicitly denied.   We are thus compelled to decide the question of power raised.

Giving the words in this section, their natural and ordinary meaning, which is a cardinal rule of interpretation, there is nothing which indicates an intention to repeal the laws relating to courts which were in existence at the time of the adoption of the constitution.   We think it is future legislation that is provided for, and not the abrogation of past enactments of the legislature on this subject.   The construction insisted upon by those who deny our power under the act of 1851, and the rule of court based upon it, to give judgment for want of an affidavit of defence, abrogates in every judicial district throughout the State such rules as are not general and of uniform operation, and this, without providing any way of ascertaining what rules are general and of uniform application in all of

the many courts of the State. A repeal so sweeping cannot be gathered from a fair interpretation of the language employed in this 26th section.

Sir Edward Coke declares that the most natural and genuine method of expounding a statute is by examining the whole, with a view to arrive at the true intention of each part. An examination of the constitution shows that when it was the purpose to annul or abrogate any existing statute, as a result of the adoption of that instrument, the intention was expressed in unambiguous language. Section 11 of the schedule "abolishes" the court of criminal jurisdiction for the counties of Schuylkill, Dauphin, and Lebanon. By section 21, article iii., "Acts now existing are avoided" which limit the time within which suits may be brought against corporations for injuries to persons and property ; and by section 22 of the same article, "Acts now existing are avoided" authorizing the investment of trust funds in the bonds or stock of any private corporation. All existing charters under which a *bona fide* organization had not taken place at the date of the adoption of the constitution, were made of "no validity" by section 1 of article xvi. No clause avoiding or making of no validity existing acts can be found in section 26 of article v. If the effect of repealing or abrogating existing statutes is given to this section, the same effect must be given to other sections where similar language is employed. For example, section 1, article ix. provides that "all taxes shall be uniform, upon the same class of subjects, * * * and shall be levied and collected under general laws," &c. Can it be claimed that this, *ipso facto,* repeals the tax laws existing at the time the constitution was ratified by the people ?

When the inquiry is directed to ascertain the purpose sought to be accomplished by a particular provision it may be proper to examine the proceedings of the convention which framed the instrument. Cooley's Constitutional Limitation, P* 65. In the sixth volume of the Debates of the Convention, page 507, *et seq.,* will be found on section 26 of article v. The section, as reported from the committee, was as follows : "All laws relating to courts shall be general and of uniform operation, and the organization, jurisdiction, powers, proceedings, and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgment and decision of such courts shall be uniform."

It is a fact of some weight that the convention amended the section by striking out the words "proceedings and practice." It was shown that the systems of practice in different portions of the State were so various that the adoption of the section as reported might cause much embarrassment. The chairman of the judiciary committee, (Mr. Armstrong,) said, "This section, if adopted, would not apply to laws as they at present exist, but only as to future legislation, and with the amendment suggested" (striking out the words "proceedings and practice.") "I think it

a section of very great importance." These proceedings show that it was intended and understood by the convention that the 26th section of article v. should have a prospective operation, and that the general and uniform laws relating to the courts commanded by it were to be the work of the legislature in the future.

A constitution shall operate prospectively only, unless the words employed show a clear intention that it shall have a retrospective effect. Cooley, Const. Lim. *62. The same rule applies to statutes. *Ibid.* Statutes are always construed as prospective, unless courts are constrained to the contrary by the rigor of the phraseology. Price *v.* Mott, 2 P. F. S. 315, per Woodward, C. J. The seventh section of article iii. and the 26th section of article v. relate to the same subject, and can properly be read together, and when so read the prospective character of these constitutional provisions will be very apparent. Article iii., section 7: " The general assembly shall not pass any local or special law  *  *  *  regulating the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts," etc. But article v., section 26: "All laws relating to courts shall be general, and of uniform operation."

If this mode of reaching a decision is not satisfactory, we have the assistance of judicial investigation. In examining the question in this case, we have found a case which fairly rules it. In Allbyer *v.* State, 10 Ohio, N. S., 588, a question arose under the provision of the constitution of the State of Ohio that "all laws of a general nature shall have a uniform operation throughout the State." Another clause provided that all laws then in force, not inconsistent with the constitution, should continue in force until amended or repealed. This clause is almost identical in language with the second section of the schedule of the constitution recently adopted in this State. Allbyer was convicted and sentenced to imprisonment under a crimes act previously in force, applicable to Hamilton county only, and the question was, whether that act was not inconsistent with the provision above quoted, and, therefore, repealed by it. The court held that the provision quoted evidently had regard to future and not to past legislation, and, therefore, was not repealed. It is said a similar decision was made in State *v.* Barbee, 3 Indiana, 258. It seems to us that both reason and authority are against the position taken by the counsel for defendant.

The rule granted in this case to show cause why the judgment taken against the defendant for want of an affidavit of defense should not be set aside upon the ground, that the power of the court to give judgment for want of such affidavit under the act of April 14, 1851, is taken away by section 26, of article 5, of the constitution, is discharged.